## TENNESSEE GAS TRANSMISSION COMPANY V. TERESA FROMME

No. A-4505. Decided May 26, 1954.
Rehearing overruled June 16, 1954.
(269 S.W. 2d Series 336)

*Stofer, Proctor, Houschins & Anderson,* of Victoria, for petitioner.

The Court of Civil Appeals erred in reversing and remanding this case to the trial court because that court had properly granted defendant's motion for an instructed verdict on the grounds that plaintiff's entire case was barred by the two-year statute of limitation.

Turner v. Big Lake Oil Co., 128 Texas 155, 96 S.W. 2d 221; Houston Water Works v. Kennedy, 70 Texas 233, 8 S.W. 36; Stillwell v. City of Fort Worth, 140 Texas 560, 169 S.W. 2d 486.

*Thomas B. Bell,* of Edna, for respondent.

In reply to petitioner's proposition cited Samples v. Buckman, 246 S.W. 2d 283; Jefferson County Drainage District No. 1 v. Langham, 81 S.W. 2d 747; City of Amarillo v. Ware, 120 Texas 456, 40 S.W. 2d 57.

· MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit for damages. Respondent alleged damages to her land and improvements thereon, and the loss of two cows. Respondent charged the petitioner with negligence in permitting water containing harmful chemicals to flow from its compressor station upon her land thereby causing the damages incurred.

Petitioner answered the suit with a general denial and a special plea denying that the water complained of was impure and contaminated with chemicals of any nature. Petitioner further alleged that respondent's cause of action accrued more than two years prior to the time respondent filed her original petition in this cause, and, therefore, was barred by the provision of Article 5526, Revised Civil Statutes of Texas, the two-year statute of limitation.

The issues thus raised were presented to the court and jury, but at the conclusion of the evidence, the trial court responded to petitioner's motion for instructed verdict and motion that the case be withdrawn from the jury, and rendered judgment that respondent take nothing by her suit. The Court of Civil Appeals has held that the cause of action alleged by respondent was not barred by the statute of limitations and has reversed and remanded the cause for new trial. 263 S.W. 2d 574.

Petitioner and respondent agree that the Court of Civil Appeals has correctly stated the nature of the suit. Petitioner contends here that the Court was in error in holding that the cause was not barred by the statute of limitations, supra. We have concluded that the case, from the standpoint of pleadings and proof, is barred by the statute of limitations and that the petitioner's position should be sustained. The rules controlling our conclusion in this case have been announced and followed in many cases. "Where there is a direct invasion of one's property of a permanent character, and the original invasion and its continuance are necessarily injurious, the damage is original, and may be at once fully compensated * * *. In such case the statute begins to run from the date of the invasion * * *." 28 Tex. Jur. 149, Limitation of Actions, Section 66.

The early case of Houston Water-Works Co. v. Kennedy, 70 Texas 233, 8 S.W. 36, 37, is decisive of the prime question here involved. The question is: When did respondent's cause of action accrue? After stating the facts, the Court said: "This was an act wrongful towards the owner of the property, for which an action might have been maintained as soon as the tort was committed. When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained. * * * if, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, *be the damage however slight,* limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." (Emphasis added.)

A careful reading of respondent's pleadings and the evidence introduced in the case conclusively reveals that respondent's legal rights were invaded the moment water from the petitioner's plant began to flow upon her land. Water was wrongfully discharged from petitioner's plant on to respondent's land as early as February, 1948; and continuously flowed thereon until it was diverted by acts of petitioner sometime in September, 1950. Respondent's cause of action accrued at the time petitioner began wrongfully discharging the water on the land, and not on the date when the extent of the damages to the land were fully ascertainable. The rule discussed in Houston Water-Works Co. v. Kennedy, supra, gives rise to two distinct classes of action. Repondent relies on the case of Baker v. City of Fort Worth, 146 Texas 600, 210 S.W. 2d 564 as authority for her contention. The facts in that case determined the rule to be followed. The Court said in part: "The erection of the bridge with its approaches was a lawful undertaking. * * * It was not constructed upon petitioner's land, nor did it constitute an invasion of his rights or premises at the time it was built. Though the structure was permanent in character, no immediate injury arose, and the injuries resulting were only in consequence of some intervening cause." The bridge was completed in 1937 and a flood occurred in March, 1945, causing injury to Baker's land. The suit was filed within less than two years from the time of the flood. The Court held that the cause of action was not barred by the two-year statute of limitations. Such conclusion was based on that part of the rule announced in Houston Water-Works Co. v.

Kennedy, supra, which reads: "When the act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained." The Court correctly applied the rule applicable to the facts in that particular case. That rule cannot be applied to the facts in the present case. In this case we have a different factual background. It is true that petitioner erected its plant on its own land. This was a lawful act just as the act of building the bridge was lawful. The act of erecting the plant did not constitute an invasion of plaintiff's rights. No injury occurred by virtue of the construction of the plant. Respondent testified that injury to her property arose at the time water began flowing from the plant on to her land. The evidence further shows that this wrongful invasion of plaintiff's rights occurred at a date more than two years prior to the filing of the original petition, and injury continued until the water was diverted from respondent's land, as stated above. Admitting that the greater part of the damage did not occur until within two years next preceding the filing of the suit, the fact does not alter the rule which we have concluded is controlling in this case.

The rule announced in Houston Water-Works Co. v. Kennedy, supra, has been quoted in the following cases: Austin & N. W. Ry. Co. v. Anderson, 79 Texas 427, 15 S.W. 484, 23 Am. St. Rep. 350; Parsons v. Uvalde Electric Light Co., 106 Texas 212, 163 S.W. 1, 2, L.R.A. 1916E, 960; City of Athens v. Evans, Texas Com. App., 63 S.W. 2d 379; Hinton v. Uvalde Paving Co., Tex. Civ. App., 77 S.W. 2d 733, writ refused; Stillwell v. City of Fort Worth, 140 Texas 560, 169 S.W. 2d 486.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Associate Justice Wilson dissenting.

Associate Justice Smedley not sitting.

Opinion delivered May 26, 1954.

Rehearing overruled June 16, 1954.