**John MARTISEK, Appellant,**

v.

**Dr. William H. AINSWORTH, Appellee.**

No. 15522.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1970.

Rehearing Denied Nov. 19, 1970.

Bates, Jones & Zoda, Harry S. Jones, Houston, for appellant.

McLeod, Alexander, Powel & Apffel, V. W. McLeod, Galveston, for appellee.

COLEMAN, Justice.

This action is one of malpractice for a physician's failure to conform to medical standards by failing to inform his patient of the extent of the injuries received by the patient in an accident coupled with a failure to advise the patient of his physical limitations resulting from such injuries. The trial court instructed a verdict for appellee.

In November, 1962, the appellant fell while working on a fire escape near the third floor level of a hotel building. He sustained serious injuries and was taken to the hospital where he was examined and treated by appellee. Among the injuries diagnosed were a fracture of the left elbow and a fracture of the left heel bone. Casts were placed on the left arm and left leg. Appellee did no examination of the back, other than visual. X-rays taken the next day revealed compression fractures of two vertebrae. Appellee's evidence unfavorable to appellant's case is not recited since it cannot be considered on this appeal.

There is testimony that appellee did not tell appellant of the injuries to his back; that he prescribed no specific treatment for the back injuries; that he told appellee that his back was "all right", and that there was nothing wrong with it; that he gave appellant no instructions concerning the limitations placed on appellant's activities by the condition of his back.

Appellant was permitted to leave the hospital after two weeks. In March, 1963, he returned to his job doing light work for two hours a day. The hours were increased until he was back at an eight hour day by the first months of 1964. On January 22, 1965, he assisted a fellow employee in lifting a metal frame weighing sixty to seventy pounds, and as a result suffered a herniated lumbar disk. This injury necessitated a subsequent operation and further disability.

The orthopedic surgeon who treated appellant after January 22, 1965, testified that it was his opinion that on January 22, 1965, appellant "had a weak back, and that it was taken past its limits, causing protrusion of disk material." He also gave an opinion that the injuries to the ligaments or supporting structures of the back sustained by appellant in his fall in 1962 made his back vulnerable to the injury sustained in 1965 in that appellant's back no longer had the structures needed to carry the work load that a back would normally be expected to carry.

In answer to a hypothetical question this doctor testified that he had an opinion as to whether a physician who told his patient that his back was all right, and failed to give him "specific cautions" with respect to his back or to warn him "of stresses and strains to the back," fell below the standard of ordinary care of a physician or surgeon practicing in the area. He said that an orthopedic surgeon who knowingly failed to "disclose the situation" to his patient would fall below the standard of conduct of other surgeons in the speciality in the area.

The testimony is sufficient to raise an issue for the jury as to whether or not appellee was negligent in failing to inform appellant of the injury to his back, its nature, and the resultant limitations on the use of his back.

While there is evidence that a contributing cause of the 1965 injury was the weakened condition of appellant's back, there is no medical testimony that the negligence of the appellee in failing to inform appellant of the back injury, and to warn or instruct appellant concerning

the effect of stresses and strains to his back constituted a proximate cause of the 1965 injury.

"  *   *   * Since liability cannot be made to turn upon speculation or conjecture, it is essential that the evidence show at least a reasonable probability that plaintiff's complications were caused by defendants' negligence.  *  *

"The trier of fact is usually allowed to decide the issue of causation in cases of this nature: (1) when general experience and common sense will enable a layman fairly to determine the causal relationship betwen the event and the condition; (2) when scientific principles, usually proved by expert testimony, establish a traceable chain of causation from the condition back to the event; and (3) when probable causal relationship is shown by expert testimony.  *  *" Lenger v. Physician's General Hospital, Inc., 455 S.W.2d 703 (Tex.1970).

■ Here there was medical testimony that the supporting structures in appellant's back were left in a weakened condition as a result of the fall in 1962, and that as a result the back was more easily injured than a normal back, and that the injury sustained in 1965 resulted from the weakened condition of the back. There is no medical testimony that the injury received in 1965 was probably caused by the doctor's failure to inform his patient of the condition of his back. There is no medical testimony concerning the content of the instructions which the doctor should have given the patient, a matter concerning which a jury would not be permitted to speculate. Wilson v. Scott, 412 S.W.2d 299 (Tex.1967).

■ However, general experience and common sense would enable a layman fairly to determine the causal relationship between the action of appellee in failing to advise appellant, if he did so fail, of the fact of injury to his back and the resulting weakened condition thereof, and the injury to appellant's back thereafter

occurring as a result of an excessive work load.

When the evidence is considered in the light most favorable to appellant, it is sufficient to require the submission to the jury of the issues on negligence and proximate cause. The trial court's action in withdrawing the case from the jury at the close of plaintiff's evidence was error.

Appellee contends that appellant's cause of action is barred by the two year statute of limitations. It must be conceded that the conduct on the part of appellee alleged to constitute professional malpractice occurred more than two years prior to the event resulting in the damage for which appellant seeks compensation. There is evidence that appellant first discovered that he had received fractures of his vertebrae after receiving the injury of 1965. Appellant and his wife testified that appellee told them that there was nothing wrong with appellant's back. There is no evidence that appellant suffered any injury by reason of appellee's alleged failure to inform him of the condition of his back prior to the injury of 1965. While there is evidence that appellant suffered pain in his back, there is no evidence that he knew his back was weak or especially susceptible to injury.

It is appellant's contention that appellee fraudulently concealed appellant's cause of action from the time it arose until after the injury received in 1965 and that this case was filed within two years of January 27, 1965, the date on which appellant learned of the injuries to his back suffered in the 1962 fall.

In Atkins v. Crosland, 417 S.W.2d 150 (Tex. 1967), a case in which an accountant was charged with certain actions, and omissions to act, constituting negligence resulting in a tax deficiency being assessed against the plaintiff, the court held that prior to the assessment of the tax deficiency by the Commissioner of Internal Revenue the plaintiff had not been in-

**682**

jured, and that the cause of action did not arise until the tax deficiency was assessed. In its opinion the court states:

" * * * A helpful and often quoted test for determining when the cause of action accrues is found in 54 C. J. S. Limitations of Actions § 168, pp. 122–123:

" 'The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.

" 'If, however, the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort * * *.' See Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336. (1954)."

■ Appellee's alleged action in concealing the injuries to plaintiff's back was not of itself a completed wrong, a legal injury to appellant. As a consequence the statute of limitations did not begin to run until actual damage was suffered by appellant as a result of the wrong. Suit was filed within two years of this date. The action was not barred by limitations. Tennessee Gas Transmission Co. v. Fromme, 269 S.W.2d 336 (Tex.1954); Linkenhoger v. American Fidelity & Cas-

ualty Co., Inc., 152 Tex. 534, 260 S.W.2d 884 (Tex.1953); Puretex Lemon Juice v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App.—San Antonio 1961, writ ref. n.r.e.).

Reversed and remanded.