**Gertrude JIROVEC, Individually and joined by her husband Lambert Jirovec, Appellants,**

v.

**W. J. MAXWELL, Jr., M.D., Appellee.**

**No. 725.**

Court of Civil Appeals of Texas, Corpus Christi.

July 31, 1972.

Tuck R. Chapin, San Antonio, for appellants.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Gary R. Gurwitz, Harry Hall, McAllen, for appellee.

OPINION

BISSETT, Justice.

We are here confronted with a limitation problem in a medical malpractice case. Gertrude Jirovec, joined by her husband, Lambert Jirovec, filed suit against Dr. W. J. Maxwell for damages allegedly resulting from his negligence in the performance of an operation upon Mrs. Jirovec on March 28, 1969.

Mrs. Jirovec suffered a fall on March 27, 1969, wherein she fractured her right femur. Dr. Maxwell pinned the fracture on March 28, 1969. Thereafter, on Octo-

ber 14, 1969, Dr. Maxwell removed the pin and placed a Thompson Prosthesis in her right femur. Subsequently, on April 23, 1970, Dr. R. Milam removed the Thompson Prosthesis from Mrs. Jirovec's leg and inserted an Austin Moore Prosthesis therein.

Suit was filed on March 24, 1971. Plaintiffs' third amended original petition was filed on December 29, 1971. Plaintiffs' second amended petition is not involved in this appeal. Dr. Maxwell, the defendant, filed his original answer on April 14, 1971, consisting of special exceptions and a general denial; his first amended original answer was filed on December 30, 1971, wherein he specially excepted to certain additional factual allegations contained in plaintiffs' amended petition on the ground that it affirmatively appeared that the cause of action sought to be asserted by such additional allegations was barred by the two-year statute of limitations, Article 5526, Vernon's Ann.Civ.St. This amended answer also plead said statute in bar of such cause of action as a fact pleading.

The trial court sustained defendant's special exceptions; thereafter, the parties entered into certain stipulations, including, among others, the following:

"1. The Plaintiffs can not, and do not intend to, attempt to prove any negligence on the part of the Defendant for any operation or other acts, care or treatment, performed by the Defendant prior to October 14, 1969.

2. The Plaintiffs' allegations of negligence specifically relate to the operation performed by the Defendant on October 14, 1969, and subsequent care and treatment, and all damages and injuries prayed for by the Plaintiffs arise out of said operation performed on October 14, 1969, and not upon anything done prior to that time.

\* \* \* \* \* \*

4. The issue before the Court, as presented by Defendant's special exceptions, is whether the operation of October 14, 1969, is a new cause of action or whether it is encompassed within the allegation contained in Plaintiffs' Original Petition filed on March 24, 1971.

\* \* \* \* \* \*

7. The deposition of the Defendant was taken on June 9, 1971, and it is filed herein and is part of the record insofar as it may contain testimony bearing upon the issue before the Court, and the original of such deposition may be included as part of the record on appeal and signature is waived."

The trial court then rendered and entered judgment that plaintiffs take nothing. Plaintiffs appeal from that judgment. We affirm. The parties will be designated plaintiffs and defendant, as they appeared in the trial court.

The cause of action declared upon by plaintiffs in their original petition, and the transaction or occurrence on which the same is based, is set forth in paragraphs II and III thereof, as follows:

"II

Plaintiff would show that on or about March 28, 1969, Defendant, W. J. MAXWELL, JR., who was a licensed medical doctor, undertook the care and treatment of Plaintiff, GERTRUDE JIROVEC, and on or about March 28, 1969, performed an inproper operation upon said GERTRUDE JIROVEC.

III.

Plaintiff would further say and show the Court that as a proximate cause of the improper care and medical treatment of MRS. JIROVEC, she has incurred a great deal of unnecessary pain, and anguish, and surgery, as a result of which she brings this suit to recover her damages in the amount of Thirty-Five Thousand Dollars, which she should have and recover from the Defendant, W. J. MAXWELL, JR., M.D."

In plaintiffs' third amended original petition, it is alleged in general terms that de-

fendant was negligent in furnishing Mrs. Jirovec the proper care and treatment that commenced on March 28, 1971. The only acts of specific negligence are set out in paragraph III thereof, which reads as follows:

"III

Specifically the Plaintiffs say that during the course of Dr. Maxwell's care and treatment of Mrs. Jirovec which commenced on March 28, 1969, he was guilty of the following acts of negligence.

A. He failed to trim the bone of Mrs. Jirovec's right femur to good bone sufficient to hold the Thompson Prosthesis inserted by him in the femur permanently.

B. He failed to trim the bone of Mrs. Jirovec's right femur to the proper angle so that the Thompson Prosthesis inserted in her femur would be at the proper angle.

C. He failed to make the opening in Mrs. Jirovec's right femur of the right size and depth to properly permanently fit the Thompson Prosthesis inserted by him.

D. He failed to insert the Thompson Prosthesis into Mrs. Jirovec's right femur in such a manner that it was a tight enough fit to be permanent.

E. He failed to provide for a proper period of convalescence so that the muscles of Mrs. Jirovec's leg would not assert pressure that in reasonable medical probability caused the misalignment and loosening of the Prosthesis inserted in Mrs. Jirovec's femur.

F. Dr. Maxwell failed to make X-ray examinations of Mrs. Jirovec's right femur immediately and periodically after he inserted a pin in her fractured leg on March 28, 1969.

G. Dr. Maxwell failed to make X-ray examinations of Mrs. Jirovec's right leg immediately after he inserted the Thompson Prosthesis in Mrs. Jirovec's leg on October 14, 1969, to determine if the Prosthesis inserted was fitted properly in good bone."

No mention is made therein of the operation of March 28, 1969 or of any improper care or medical treatment, if any, resulting from that operation.

The deposition of defendant was taken on June 9, 1971, more than two years after he performed the pinning operation on March 28, 1969, but less than two years after he placed the Thompson Prosthesis in Mrs. Jirovec's right femur on October 14, 1969.

Plaintiffs say that on March 24, 1971 they filed a suit whereby they originally complained of improper medical care and treatment that commenced on March 28, 1969, that the filing of the suit tolled limitations to any malpractice that occurred during her care and treatment by defendant from and after March 28, 1969, and that the third amended original petition did no more than amplify and clarify the allegations contained in their original petition. We do not agree. The pleadings that were filed initially allege only a specific act of negligence, the "improper operation" of March 28, 1969. The further allegation "that as a proximate cause of the improper care and medical treatment" must necessarily be limited to the act of negligence set out in the petition. Such allegations cannot relate to future improper care and medical treatment occasioned by a new and distinct operation that is totally unrelated to the first operation.

There are two separate and distinct transactions or occurrences presented by plaintiffs' pleadings. The first is the pinning operation of March 28, 1969, which terminated on June 20, 1969, when Mrs. Jirovec was discharged as a patient by defendant. The next is the operation of October 14, 1969, which commenced on that date and terminated sometime thereafter, when Mrs. Jirovec became a patient of Dr. Milam. Plaintiffs have judicially admitted

that they have no cause of action against defendant arising out of the operation of March 28, 1969 or any failure to provide proper medical care and treatment resulting from that operation. They have judicially admitted that they can only recover on the basis of the alleged negligence or malpractice arising out of the operation of October 14, 1969, as set out in paragraph III of their third amended original petition.

The cause of action alleged by plaintiffs in their original petition was the improper (or negligent) operation of March 28, 1969. That operation was the transaction or the occurrence on which their suit was then based. Plaintiffs, having plead an "improper operation" and the negligent care and medical treatment in connection therewith are limited to the acts affirmatively plead. Rhodes v. Liberty Welding Works, 391 S. W.2d 796 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.); Knight v. Caloudas, 409 S.W.2d 904 (Tex.Civ.App.—Houston 1966, n. w. h.).

The cause of action asserted by plaintiffs in their amended petition is not based upon any alleged improper operation that was performed on Mrs. Jirovec at any time prior to October 14, 1969, and while it is alleged generally that the defendant was negligent in his care and treatment of Mrs. Jirovec commencing March 28, 1971, the acts of specific negligence relate, in the main, to the alleged negligence in failing to properly prepare the bone in Mrs. Jirovec's leg for the prosthesis operation, in failing to insert the device in the proper manner, and in failing to provide for a proper period of convalescence following the operation of October 14, 1969.

Paragraphs 1 and 2 of the stipulation, quoted above, expressly limit the alleged negligence of defendant to the operation of October 14, 1969 and to the care and treatment of Mrs. Jirovec subsequent to that date; all damages prayed for are alleged to have arisen out of the operation performed on that date and not out of the operation of March 28, 1969, or out of the

care and treatment of Mrs. Jirovec after March 28, 1969 and before October 14, 1969. It was also stipulated that the deposition of defendant could be considered by the court in deciding the question of limitations. The deposition shows that Mrs. Jirovec was dismissed from the hospital on April 10, 1969, and by defendant on June 20, 1969. Mrs. Jirovec did not consult defendant again until September 16, 1969, when, after further examination, defendant concluded that the femur had not healed and that the pin had become loose and was wobbling as a result of some absorption of the bone around the pin. Thereafter, on October 14, 1969, defendant performed an operation on Mrs. Jirovec for the insertion of a Thompson Prosthesis, which, according to the allegations contained in plaintiffs' amended petition, was not caused by any negligence of defendant prior to that time. Plaintiffs so stipulated.

A case closely analogous to the case at bar is Coffman v. Hedrick, 437 S.W.2d 60 (Tex.Civ.App.—Houston 1st 1968, writ ref'd n. r. e.), where it was held:

"  .  .  .  in a malpractice suit, other than one involving the leaving of a foreign object in the body, the cause of action arises as to each act of negligence when it is committed causing injury to the person, however slight the injury."

That rule applies in this case. In view of plaintiffs' original petition, the stipulations of the parties, and the deposition of defendant, all of which were considered by the trial court, it is clear that Mrs. Jirovec was not injured or damaged by the pinning operation that was performed on her leg on March 28, 1969. It is equally clear that the after effects of that operation were not caused by the medical care and treatment received by her from the defendant. The only acts and omissions complained of by plaintiffs at the time judgment was rendered were those that were alleged in the amended petition to have been committed either contemporaneously with the operation of October 14, 1969, or shortly there-

after. As this is not a case where a foreign object is left in the body of the patient, we hold that the cause of action, if any, asserted by plaintiffs accrued on October 14, 1969, as the wrongful acts alleged to have caused the injury were committed on that day and not prior thereto. Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336 (1954); Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888).

The issue presented to this Court for determination is whether the alleged negligence of defendant in connection with the operation upon Mrs. Jirovec on October 14, 1969 as well as any alleged malpractice during the course of medical care and treatment furnished her subsequent thereto was barred by limitations when plaintiffs' amended petition was filed. We answer that question in the affirmative.

As to the matter of limitation of action, both parties concede that the original action was governed by the terms of Article 5526, V.A.C.S. However, plaintiffs contend that the amendment to their original petition was not wholly based upon nor did it grow out of a new, distinct or different occurrence or transaction, but merely amplified and clarified the allegations set out in their original petition. Therefore, plaintiffs argue that under the terms of Article 5539b, V.A.C.S., their cause of action was not barred by the two-year statute of limitations.

It is said in 51 Am.Jur.2d, Limitations of Actions, § 135, p. 703:

" . . . as regards the running of the statute of limitations applicable to torts, a cause of action accrues only when the force wrongfully put in motion produces injury, the invasion of personal or property rights occurring at that time. . . . "

See also Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438 (1940); Robertson v. Texas & N. O. R. Co., 122 S.W.2d 1098 (Tex.Civ. App.—San Antonio 1938, writ ref'd);

Houston-American Finance Corporation v. Travis, 343 S.W.2d 323, 328 (Tex.Civ.App. —Dallas 1960, writ ref'd n. r. e.).

In Global Corporation v. Vincent, 156 Tex. 398, 295 S.W.2d 640 (1956), the Supreme Court quoted with approval the following from Texas Pacific Coal & Oil Company v. Smith, 130 S.W.2d 425 (Tex. Civ.App.—Eastland 1939, writ dism'd, judg. correct):

" . . . Unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading, the latter having declared upon a cause of action not then barred, it is immaterial that the cause of action alleged in the amended pleading be different from the cause of action originally alleged. The test which Vernon's Ann.Civ.St. art. 5539b makes proper is whether or not the cause of action alleged in the amended pleading be 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' Farmers' & Merchants' Nat. Bank v. Arrington, Tex.Civ.App., 98 S. W.2d 378, 379; Universal Life & Accident Ins. Co. v. Johnson, Tex.Civ.App., 120 S.W.2d 314."

The Supreme Court in Leonard v. Texaco, Inc., 422 S.W.2d 160 (1967), said:

"The test under Article 5539b as amended in 1931 is no longer based upon a difference in causes of action declared upon in the original and amended petitions * * *. The test is whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' "

In the instant case, the test is met.

Plaintiffs' amended petition contained allegations of new matter that were not set out in the original petition. The amended petition alleged specific acts or omissions of negligence that occurred on October 14, 1969; the original petition alleged a specific act of negligence, the improper opera-

tion of March 28, 1969. The specific act of negligence complained of in the original petition was not repeated in the amended petition. The allegations contained in the amended petition were not merely elaborations, clarifications, amplifications or detailed specifications of any of the allegations of the original petition. They were averments wholly based upon and growing out of a new, distinct and different transaction and occurrence. The insertion of the Thompson Prosthesis is one thing, and the pinning operation is another. The alleged negligence in the operation performed on October 14, 1969 for the insertion of the device in Mrs. Jirovec's leg has no connection whatsoever with the alleged negligence in the performance of an operation performed on her on March 28, 1969 for the insertion of a pin in her leg.

In our opinion there is a separate cause of action plead in the amended petition which is affirmatively shown to be *wholly* based upon and which grows out of a new, distinct and different transaction and occurrence that is not included within the allegations of the original petition.

The alleged acts of negligence for which a recovery in damages is sought were committed on October 14, 1969; they were alleged to have caused injury to Mrs. Jirovec. As a consequence, the statute of limitations began to run on that date. A petition alleging such negligence was not filed until more than two years after that date. The action is barred by limitations. Martisek v. Ainsworth, 459 S.W.2d 679 (Tex. Civ.App.—Houston 1st 1970, writ ref'd n. r. e.).

We have read the cases cited in plaintiffs' brief. None of these cases are in point as the amended pleading in each case is based upon the same transaction embraced in the original petition.

We have considered all points that have been brought forward by plaintiffs. Each such point is overruled. Accordingly, the judgment of the trial court is affirmed.