**Mary Elizabeth GREGORY, Appellant,**

v.

**W. A. BILSING, II, Appellee.**

**No. 10–81–151–CV.**

Court of Appeals of Texas, Waco.

April 29, 1982.

John Gano, Gano & Houssiere, P. C., Houston, for appellant.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, Roger Knight, Jr., Madisonville, for appellee.

OPINION

CHASE, Justice.

This is an appeal from a summary judgment rendered for defendant in a medical malpractice case. For the sake of clarity parties will be referred to as they were in the trial court.

Mrs. Gregory sued Dr. Bilsing for damages alleging he gave her injections of the drug Demerol for back pain to such an excessive extent that the injections caused her to become psychologically and physically dependent on the drug. She also alleged such treatment was contrary to proper and reasonably prudent medical practice and was a proximate cause of her injury.

In her original petition, plaintiff made no mention of the dates she received the injections, or when the addiction occurred. Her first amended petition alleged the injections began in 1975 and the addiction occurred in the fall of 1977; her Second Amended Petition stated she had become psychologically and physically dependent on the drug by August 1977, and in her deposition she stat-

ed she first realized she was addicted to Demerol in August, 1977.

Defendant filed an affidavit that he received no notice of the injury and filed Motion for Summary Judgment asserting the plaintiff's cause of action was barred for failure to comply with art. 4590i, 4.01(a) (Supp.1981) Tex.Rev.Civ.Stat. which requires that notice be given a physician 60 days before suit is filed against him for a Health Care Liability Claim. Sec. 41.01 of the Statute makes it applicable only to causes of action which accrued after the effective date, August 29, 1977.

Plaintiff responded to the motion asserting her cause of action accrued prior to August 29, 1977, and thus the notice statute was inapplicable.

After a short hearing, the court sustained the Motion for Summary Judgment.

■ In a Summary Judgment proceeding the movant is entitled to Judgment, if, from the pleadings, depositions, answers to interrogatories and affidavits, there is no genuine issue as to any material fact and the movant is entitled to Judgment as a matter of law. Tex.R.Civ.Proc. 166–A(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592 (Tex.1975). In deciding whether or not there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor. *Wilcox v. St. Mary's University of San Antonio*, supra, 592–593.

The cause of action accrued when facts came into existence which authorized plaintiff to seek a judicial remedy. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Tennessee Gas Transmission Co. v. Fromme*, 153 Tex. 352, 269 S.W.2d 336, 337 (1954); *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929, 931 (1935).

For the Notice Statute (art. 4590i supra) to be applicable, and thus the failure to give such notice being fatal to plaintiff's case, it is necessary to determine conclusively that the plaintiff's cause of action accrued after August 29, 1977.

■ The several allegations and statements regarding the date the drug became addictive, and thus the cause of action accrued, do not establish any date for certain, either before or after August 29, 1977. Thus, there exists a genuine issue of a material fact, to wit, the date the plaintiff's cause of action accrued, which date is essential to the applicability of the Notice Statute.

The Summary Judgment was improper and is reversed and the cause remanded to the district court.