Donnel Ray ANDERS, Evelyn Anders, Jimmie Ballieu, Noel Bridges, Susan Bridges, Elaine Clark Coward, Mr. and Mrs. Ormond S. Douglas, Thomas B. Dupont, P.C., Usan Fannett, Arno Grasty, Edna Grasty, Robert Keel, Mary Keel, Alton C. Kennedy, Reginald McDowell, Shelly McDowell, Betty McKeand, Edward Mickan, Rose Mickan, Mark Pietak, W. Belinda Baldwin Pietak, Clinney Morris, Pamela K. Reeves Morris, Ramiro Sanchez, Alice Kahdot, Douglas H. Sanders, Bonnie Scott, David William Scott, Michael Scott, David Sodolak, Lawrence Sodolak, Doris Sodolak, Steve Sodolak, Anita Diane Sodolak, Wilbert Sodolak, Tim Southerland, Oliver Southerland, Del Tallett, Anne Tallett, Floyd Wenzel, Margaret Wenzel, Leo Wotipka, Mary Wotipka, Robert J. Wotipka, and Sheila Young, Appellants,

v.

MALLARD AND MALLARD, INC., Appellee.

No. 01–90–00918–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1991.

George M. Bishop, Houston, for appellants.

Todd A. Kissner, Houston, E.R. Norwood, Liberty, J.C. Zbranek, Liberty, for appellee.

Before PRICE[1], COHEN and WILSON, JJ.

## OPINION

PRICE, Justice.

Appellants, Donnel Ray Anders, et al., were plaintiffs in a suit in Harris County against Mallard and Mallard, Inc. ("Mallard"). Appellants sued Mallard for negligence, gross negligence, conspiracy, failure to warn plaintiffs of the danger of flooding, and violation of TEX.WATER CODE ANN. § 11.086 (Vernon 1988). Mallard filed a motion for summary judgment alleging appellants' causes of action were barred by the statute of limitations and the doctrines of res judicata and collateral estoppel. The trial court granted Mallard's motion, without specifying the grounds on which it relied, and severed Mallard from appellants' case. Appellants appeal the trial court's grant of summary judgment and severance.

Appellants own and/or occupy real and personal property in the Timberlakes Subdivision in Liberty County, located upstream from real property owned by Weldon Alders. Champion Realty Corporation, a defendant in the original action, and owner of the mineral interest in Weldon Alders' property, executed an oil and gas lease on the property to Mobil Producing Texas and New Mexico, Inc. ("MPTM"). MPTM constructed a dam/roadway on the lease. In 1982, over the objections of appellants, MPTM doubled the elevation of the existing dam/roadway. In 1983, after appellants complained that the increase in the dam/roadway height caused their property to flood, MPTM contracted Mallard to make two breaches in the dam/roadway to allow for the discharge of water. Appellants contend the breaches did not release sufficient water to prevent flooding of their property. In their original Harris County petition, appellants alleged damage to their real property because of flooding in: December 1982 and January 1983; May and June 1983; October and November 1984, 1985, 1986, and 1987; and June and July 1989. Three appellants[2] also alleged personal injuries proximately caused by the flooding. All appellants also sought exemplary damages for gross negligence. Pursuant to these complaints, appellants filed suit in Harris County against a number of defendants, including Mallard. Appellants alleged: (1) Mallard was negligent in making the breaches and its negligence was the proximate cause of their injuries; (2) Mallard was liable for gross negligence; (3) Mallard was engaged in a civil conspiracy with the other defendants to raise the level of the dam/roadway; (4) Mallard failed to warn plaintiffs of the danger of flooding; and (5) Mallard was liable as a matter of law under TEX.WATER CODE ANN. § 11.086.

This case is similar to a case filed previously in Liberty County, *Donnel Ray Anders, et al. v. Weldon Alders, et al.,* No. 38,816 (Dist.Ct. of Liberty County, 75th Judicial Dist. of Texas, June 25, 1987). With the exception of two people, the plaintiffs in this earlier litigation were the same people who are appellants in the present case. The allegations asserted by the plaintiffs in the Liberty County action involve the same dam, the same alleged negligence in the planning, design, and heightening of the dam, the same civil conspiracy theory, and the same violation of TEX.WATER CODE ANN. § 11.086. The only defendants in the Harris County action not named in the Liberty County action are Champion Realty, Mallard, and Chester Fincher. The final judgment on the Liberty County action was signed September 17, 1987, and awarded eight of the 48 plaintiffs a total of $7,140 against Mobil Producing Texas and New Mexico, Inc. and Brown & Root, Inc. The remaining 40 plaintiffs were not awarded any damages. Moreover, in answer to special issue number six, the Liberty County jury determined the dam/roadway, with the final spillways as cut in the fall of 1983, was not negligently designed or constructed.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Genevive Douglas, Oliver Sutherland, and Edward Mickan.

In their first point of error, appellants contend the trial court erred in granting Mallard's motion for summary judgment based on their claims being barred by limitations.

■ When, as in this case, a trial court's order granting summary judgment does not specify the grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

Mallard, by moving for summary judgment, assumed the burden of showing, as a matter of law, the suit was time-barred. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). In its summary judgment motion, Mallard relied on *Tennessee Gas Transmission Co. v. Fromme*, 153 Tex. 352, 269 S.W.2d 336, 337 (1954), holding that when damage caused to one's property by a direct invasion is of a permanent character, the suit to recover the damages accrues on the date of the first actionable injury and expires after a limitation period of two years.

Mallard offered no evidence to the trial court in support of its limitation claim, but instead directed the court's attention to appellants' pleadings. Mallard argues that appellants' first amended petition sought recovery for permanent property damage and personal injuries. Therefore, because any alleged damage began to occur in December 1982/January 1983, Mallard contends the last date appellants could timely file a petition would be January 1985. Appellants filed suit August 27, 1987, and did not file a response in opposition to the motion for summary judgment.

Appellants contend *Tennessee* is not controlling, but directs this Court's attention to the holding in *Abbott v. City of Princeton*, 721 S.W.2d 872 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), whose facts are very similar to those before this Court. The Abbotts purchased land in Princeton, Texas in 1969. In 1971, street construction by the city caused the Abbotts' property to flood. In 1975, the city attempted unsuccessfully to correct the problem. In 1982, the Abbotts sued the city. Claiming the

suit was barred by limitations, the city moved for summary judgment. The trial court granted the city's motion. However, the court of appeals stated that consideration of the limitations argument required a determination of the particular type of injury involved. The court stated:

> *The summary judgment evidence* shows that the flooding occurred sporadically following a rainfall. The injuries stemming from intermittent and recurrent events and contingent upon an irregular force such as rain are regarded as temporary injuries. A suit may be maintained for the *temporary* injuries sustained during the two years prior to filing suit.

*Id.* at 875 (emphasis added).

While both *Tennessee* and *Abbott* set a two-year limitation period, the difference is in how the courts classified the injury. Pursuant to *Tennessee*, if the injury is permanent, suit must be brought within two years of the first actionable injury. Under *Abbott*, if the injury is merely temporary, suit may be brought within two years of any injury, not just the first actionable injury.

■ In the instant case, in its motion for summary judgment, Mallard argues that plaintiffs' first amended petition alleges permanent damage to property. When a motion for summary judgment is directed solely to the pleadings, the court must take as true every allegation of the pleading against which the motion is directed. *Labbe v. Carr*, 369 S.W.2d 952, 954 (Tex. Civ.App.—San Antonio 1963, writ ref'd n.r.e.). If the pleading, when liberally construed, is sufficient to show a fact issue, the motion must be overruled. 4 R. McDonald, Texas Civil Practice in District and County Courts § 17.26.8 (rev.1981). Moreover, all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party, and the opposing party is entitled to the benefit of every reasonable inference that properly can be drawn in his favor. *Labbe*, 369 S.W.2d at 954.

■ Appellants' pleadings, when carefully reviewed in this light, alternatively state

a cause of action for temporary damages caused by flooding in December 1982 and January 1983, May and June 1983, October and November 1984, 1985, 1986, 1987, and June and July 1989. Thus, appellants are permitted to seek recovery for temporary damages caused within the two-year period prior to the filing of their petition on August 27, 1987, and appellants' first point of error is sustained as it relates to such claims. Claims for damages suffered before that time are barred by limitations.

In their second point of error, appellants claim the trial court erred in granting Mallard's motion for summary judgment based on the doctrines of res judicata and collateral estoppel.

█ Res judicata bars litigation of all issues connected with a cause of action or defense that might have been tried in a prior suit. When a prior judgment is offered in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory these claims have been merged into the judgment. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

█ In asserting a claim of res judicata, care must be taken to attach certified copies of *both* the prior petition and prior judgment to the motion for summary judgment. *Chandler v. Carnes Co.*, 604 S.W.2d 485, 486 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). In *Chandler*, the defendant moved for summary judgment based on res judicata. The defendant had attached a certified copy of the prior judgment in its amended motion, but failed to attach a certified copy of the petition in the prior matter. The court held that attachment of the petition was essential to constitute proper summary judgment proof. *Id.* at 487.

█ In the case before this Court, Mallard attached a certified copy of the judgment in the Liberty County case, but did not attach a certified copy of the petition in the Liberty County case. Thus, it would not be possible for the trial judge in this case to know that the same claim as is now being made had, in fact, been decided in the earlier case.

█ Collateral estoppel is narrower than res judicata. It bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, even if the second suit does not assert the same cause of action. *Bonniwell,* 663 S.W.2d at 818. Collateral estoppel occurs when a party who has not yet litigated seeks to avoid litigation of an issue that was previously litigated and lost by the parties sought to be estopped. *Blonder–Tongue Lab., Inc. v. University of Illinois Found.,* 402 U.S. 313, 330, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). Although the requirement of mutuality has been applied frequently to the doctrine of collateral estoppel, an increasing number of courts in this state have dispensed with this requirement of identity of parties. Instead, they adopt the position that mutuality is applied only to the party sought to be estopped in the subsequent action. *Windmill Dinner Theatre, Inc., v. Hagler,* 582 S.W.2d 585, 586 (Tex.Civ.App.—Dallas 1979, writ dism'd). In *Hardy v. Fleming,* 553 S.W.2d 790, 792 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.), the appellate court upheld a trial court's decision applying collateral estoppel against a plaintiff who sued a physician for negligently advising him that he could return to work after the plaintiff had suffered a heart attack. A previously conducted workers' compensation proceeding, where the physician was not a party, determined that the plaintiff had not suffered a heart attack.

█ In the present case, according to the uncontroverted affidavit of Joe Penland, an officer and shareholder of Mallard, Mallard was employed by Mobil only to make cuts in the dam. Therefore, because the issue of whether the dam/roadway, with the final spillways as cut in the fall of 1983, was negligently designed or constructed was previously litigated in the Liberty County lawsuit by the parties sought to be estopped and lost by those parties, appellants are barred by the doctrine of collateral estoppel from relitigating that

issue in the Harris County lawsuit. Because we have no evidence before us to suggest that any other issues in the Harris County lawsuit were actually litigated in the Liberty County lawsuit, collateral estoppel is not a bar to litigating those issues.

Appellants' second point of error is sustained in part, and overruled in part.

In their third point of error, appellants contend the trial court erred in granting Mallard's motion for severance.

Because the severance merely allowed the summary judgment to become final and appealable, appellants' third point of error is overruled.

The judgment of the trial court is reversed, and the case is remanded for further proceedings in accordance with this opinion. Appellants may seek recovery only for temporary damages caused within the two-year period prior to the filing of their petition on August 27, 1987 on the issues of negligent failure to warn, violation of TEX.WATER CODE ANN. § 11.086, and civil conspiracy.