# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00673-CV

**Dena Campbell; Jeffrey Campbell; and Danny Green, Appellants**

**v.**

**Hays County, Texas; Allen G. Walther; and Clifford J. Conner, Appellees**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT NO. 99-1139, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted on the basis of the statute of limitations. Appellants, Dena Campbell, Jeffrey Campbell, and Danny Green, sued Hays County and two of its employees, Allen Walther and Clifford Conner, to recover for property damages resulting from negligence in inspecting and granting building permits to appellants and representing to appellants that the chosen locations for their homes were not within a 100-year flood plain. After appellants located their homes in the designated places, the local flood-control authority notified them that the homes were in the 100-year flood plain. Appellants' homes were damaged by flood on October 17, 1998; they filed their suit on October 8, 1999. They now challenge the summary judgment complaining that (1) because they non-suited Hays County prior to judgment, Hays County should not have been included in the summary judgment; (2) appellees failed to establish when

appellants' cause of action accrued; and (3) damage to their land accrued when the properties first flooded in 1998. We will modify the judgment of the district court and, as modified, affirm.

**FACTUAL BACKGROUND**

The summary judgment was granted based upon appellants' second amended original petition. Neither appellants nor appellees submitted summary judgment evidence. Instead, appellees asserted that appellants' petition established the statute of limitations defense as a matter of law. We agree.

The second amended petition alleges that Jeffrey and Dena Campbell purchased Lot 2, Kyle Heights, in Kyle, Texas, intending to place a manufactured home there. Green, Dena Campbell's father, purchased the adjacent Lot 1, with the same intention. They each contacted Hays County Environmental Health Department (the Department) to obtain the required building and septic permits for the planned homes.

Conner inspected the Campbells' home site, determined that it was not located within the 100-year flood plain, and issued a building permit on July 9, 1996, authorizing the Campbells to install a four-bedroom, two-bath, 2200 square foot manufactured home on the site. Conner inspected Green's home site and issued a building permit on August 5, 1996, authorizing him to install a three-bedroom, two-bath, 1280 square foot manufactured home on his site. Conner subsequently inspected the sites and approved the locations of the septic systems on the two sites on August 14 and 16, 1996.

In paragraph seven of the petition, appellants allege that, "[shortly after the homes were placed according to the issued permits, an official from the Plum Creek Conservation District

2

notified [appellants] that their homes were located within the 100-year flood plain and that they were certain to be flooded in the foreseeable future."

Appellants contacted the Department with this report; Walther inspected the sites and allegedly admitted that the County had made a mistake in issuing the permits and that the homes had to be moved out of the flood plain "to avoid disaster." Department officials assured appellants that Hays County would pay to move the homes. In paragraph ten of the second amended petition, appellants alleged that on "July 28, 1997, as the result of negotiations between their attorney at the time and Hays County officials," appellants advised Walther of the cost of relocating the two homes, and on October 31, 1999, appellants made written demand upon the county for that amount. In paragraph eleven, it is alleged that Hays County requested documentation of the costs by a letter dated December 19, 1997. Paragraph twelve states that "[on October 17, 1998, as expected and predicted, both homes were flooded." Negotiations and demands continued until suit was filed on October 8, 1999.

## DISCUSSION

The parties agree that this case is governed by the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002). The dispute centers on when appellants' causes of action accrued and the two-year period began to run. Appellants assert that their causes of action accrued when they suffered damages as a result of the mistake, which they contend was the date the homes flooded on October 17, 1998, and that they filed suit within a year of that date. Appellees argue that appellants' causes of action accrued when they first learned of the

3

county's mistake that their home sites were actually located in the 100-year flood plain and had to be relocated.

Appellants admit in their pleading that they first became aware that their home sites were in the 100-year flood plain and would likely flood when the agency with jurisdiction over the flood plain, the Plum Creek Conservation District, notified them of that fact. They learned of this fact sometime during late summer or early fall in1996. The petition does not allege the precise date on which they were notified, but the pleadings do allege specific dates for events that necessarily occurred after receipt of this notice. On July 28, 1997, appellants advised Hays County of the cost of relocating the homes out of the flood plain. On December 19, 1997, Hays County sent a letter to appellants requesting documentation of these costs. Thus, appellees argue, appellants' own pleading admits that they were aware of the mistake and that their home sites were in the flood plain no later than July 1997. Appellees argue that the homeowners' causes of action accrued by that point based on the admitted facts in their own pleading. Assertions of fact in the pleadings, not pleaded in the alternative, are treated as judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). The accrual of the statute of limitations, however, is more involved when the object of the lawsuit is real property or the damage to real property.

***Standard and Scope of Review***

The propriety of a summary judgment is an issue of law for the court and is subject to *de novo* review. *Roland v. DaimlerChrysler Corp.,* 33 S.W.3d 468, 469 (Tex. App.—Austin 2000, pet. denied); *Grocers Supply Co. v. Sharp*, 978 S.W.2d 638, 642 (Tex. App.—Austin 1998, pet. denied). A defendant is entitled to a traditional summary judgment upon establishing that the

plaintiff has no viable cause of action by either conclusively disproving at least one essential element of each theory of recovery, *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999), or conclusively proving all elements of an affirmative defense. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). If a defendant establishes a right to judgment as a matter of law, the burden shifts to the plaintiff to raise a fact issue precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A defendant asserting a statute of limitations defense has the burden to show as a matter of law that suit is barred by limitations, including when the cause of action accrued. *Wolf*, 44 S.W.3d at 566; *Fields v. City of Texas City*, 864 S.W.2d 66, 68 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

We also apply the following standards to summary-judgment proceedings: (1) a summary-judgment movant has the burden to show that no genuine issue of material fact exists and it is entitled to judgment as a matter of law; (2) in determining whether a material fact issue exists, evidence favorable to the nonmovant is taken as true; and (3) every reasonable inference is indulged in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985); *Medina v. Lopez-Roman*, 49 S.W.3d 393, 396 (Tex. App.—Austin 2000, pet. denied).

### *Accrual of Claims*

Determining when a cause of action accrues is a question of law for courts. *Wolf*, 44 S.W.3d at 567; *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 436 (Tex. App.—Fort Worth 1997, pet. denied). Generally, a cause of action accrues when facts come into existence that give the claimant a right to seek a remedy in the courts. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501 (Tex.

5

App.—Austin 1998, pet. denied).  The fact that damage may accumulate after accrual does not toll limitations.  *Murray*, 800 S.W.2d at 502; *Fields*, 864 S.W.2d at 68.  The point when the wrongful act causes injury is usually the point of accrual, regardless of whether all of the injury has yet to occur.  *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998).

### *Permanent or Temporary Damage*

Although claims for damage to land must be brought within two years from the point the cause of action arose,[1] gauging the point of accrual of the injury to land depends on whether the damage is permanent or temporary.[2] *Walton v. Phillips Petroleum Co.*, 65 S.W.3d 262, 271 (Tex. App.—El Paso 2001, pet. denied); *Nugent v. Pilgrim's Pride, Inc.*, 30 S.W.3d 562, 567 (Tex. App.—Texarkana 2000, pet. denied).  The two types of damage to land are mutually exclusive. *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978).

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002).

[2] The measure of recovery for permanent injury to land is the difference in the value of the land before and after the injury.  *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984).  This measure is intended to compensate for all damages, including those occurring in the future. *Atlas Chem. Indus., Inc. v. Anderson*, 524 S.W.2d 681, 684 (Tex. 1975).  The damages available for a temporary injury to land are measured by the sum necessary to compensate for the damage done during the period for which suit is brought; in other words, the amount necessary to place the property owner in the same position as before the injury.  *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978). Because temporary damages are transient in nature, "successive actions may be brought for injury as it occurs; and that action . . . would not be barred by . . . limitations, unless the full period of the statute had run against the special injury before suit."  *Atlas Chem. Indus., Inc.*, 524 S.W.2d at 685 (quoting *Austin & N. W. Ry. Co. v. Anderson*, 15 S.W. 484, 485 (Tex. 1891)).  Here, it is undisputed that appellants brought suit within two years of the July 1998 flood.

6

Accrual of claims for permanent injury to real property begins when the first actionable injury is discovered and not when the full extent of the injury to land is known. *Tennessee Gas Transmission Co. v. Fromme*, 269 S.W.2d 336, 337 (Tex. 1954); *Mitchell Energy Corp.*, 958 S.W.2d at 436. Thus, a lawsuit to recover for permanent injury to land must be brought within two years from the date of first discovery of the injury. *Fromme*, 269 S.W.2d at 337; *Mitchell Energy Corp.*, 958 S.W.2d at 436. If the injury to appellants' land was permanent, then appellants' cause of action accrued when they discovered that the building permits they relied on were erroneous and their homes were located in the flood plain, which they admit occurred at least by July 1997. If the injuries are permanent, their lawsuit filed October 8, 1999 is time-barred.

On the other hand, temporary damage to land may be recovered if it occurred within two years prior to the filing of the lawsuit. *Walton*, 65 S.W.3d at 271-272; *Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Abbott v. City of Princeton*, 271 S.W.2d 872, 875 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). In other words, suit must be brought within two years of any injury, not just the first actionable injury. *Anders*, 817 S.W.2d at 93. If the damage to appellants' land was temporary, then the two-year statute of limitations applies only to limit their recovery to damages incurred in the two years prior to their filing suit. This would mean that appellants' claims are not barred, but that they could not recover for damages suffered prior to October 8, 1997. Appellants also would not be able to collect for future damages in such an instance. *See Atlas Chem. Indus., Inc. v. Anderson*, 524 S.W.2d 681, 685-87 (Tex. 1975). They could only recover for past damages incurred within two years of suit. *Id.* at 685.

7

Distinguishing between permanent and temporary damage to property is determined by placing the damages along a continuum. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). The supreme court explained the distinction as follows:

> Permanent injuries to land result from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely; the injury must be constant and continuous, not occasional, intermittent or recurrent. Temporary injuries, however, have been found where the injury is not continuous, but is sporadic and contingent upon some irregular force such as rain.

*Id.* (citing *Kraft*, 565 S.W.2d at 227). Another point of distinction is that temporary injuries to land, or at least the injury-generating activity, usually can be enjoined by a court. *Kraft*, 565 S.W.2d at 227. An injury that may be terminated is not permanent. *Id.* On the other hand, if an injunction proves unenforceable *and* if the offensive condition "meets the test of physical permanency," permanent damages may be awarded. *Id.* (quoting D. Dobbs, *Handbook on the Law of Remedies*, § 5.4 at 342-43 (1973)). Furthermore, if the cost to remedy otherwise temporary damages exceeds the amount of permanent damage (i.e., the diminution of fair market value), then the damages are considered permanent. *Atlas Chem. Indus., Inc. v. Anderson*, 514 S.W.2d 309, 319 (Tex. Civ. App.—Texarkana 1974), *aff'd*, 524 S.W.2d 681 (Tex. 1975).

The supreme court in *Fromme* determined that the damage to land involved in that case was permanent by analyzing whether the initial damaging event was wrongful. 269 S.W.2d at 337-38. The Court said that when "there is a direct invasion of property of a permanent character, and the original invasion and its continuance are necessarily injurious, the damage is original, and may be at once fully compensated. . . . In such a case, the statute begins to run from the date of the

8

invasion." *Id.* at 337. But when "an act is itself lawful as to the person who bases an action on injuries subsequently accruing from, and contingent upon, the act, it is held that the cause of action does not accrue until the injury is sustained." *Id.* (quoting *Houston Water-Works Co. v. Kennedy*, 8 S.W. 36, 37 (Tex. 1888)).

As movants for summary judgment, Conner and Walther had the burden to prove their limitations defense by establishing when appellants' causes of action accrued, which required them to prove that either (1) the damage to appellants' land was permanent, or (2) the cost to rectify the damage, i.e., relocate the manufactured homes, exceeded the diminished value of the property. In reviewing the basis for this summary judgment, we are limited to appellants' live pleading because no evidence was submitted. When a motion for summary judgment is based on the opponent's pleadings, the court must take every factual allegation in the pleading as true. *Allen v. St. Paul Fire & Marine Ins. Co.*, 960 S.W.2d 909, 911 (Tex. App.—Texarkana 1998, no pet.); *Gross v. Davies*, 882 S.W.2d 452, 454 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Anders*, 817 S.W.2d at 93.

Appellants' pleading does not specify what type of injury they suffered; their prayer simply requests $500,000 in actual damages. There is no indication of any particular measure of damages or even the type of damages that the $500,000 represents. The petition does not allege how much removing the houses would cost. Thus, there are no grounds in the pleadings to allow summary judgment on a balancing of the remedial costs. Conner and Walther, therefore, had to establish that appellants' damages were permanent in nature to prevail on summary judgment.

9

Appellants' pleadings indicate that their complaint centered on the fact that Conner and Walther's negligent conduct resulted in the wrongful placement of their homes in a 100-year flood plain and the county's subsequent refusal to pay for relocating the homes.

Conner was allegedly negligent "in making the determination as to whether the properties were within the flood plain." He allegedly "should have been personally aware of dangers of approving permits for placement of homes within the 100-year flood plain." Both the Campbells and Green allegedly located their homes "based on the negligent recommendation of Defendant Conner." When Conner approved the placement of the septic tanks, he again negligently "failed to notice or warn Plaintiffs that the proposed sites were within the 100-year flood plain."

The precise acts for which Walther was sued are that he allegedly failed "to properly supervise Defendant Conner and the issuance of the permits." Walther also allegedly visited the sites and "admitted to Plaintiffs that the County had erred in grant[ing] the permits and that the homes had to be moved to avoid disaster." Walther allegedly "assured Plaintiffs that Hays County would pay to have the homes moved out of the floodplain [sic] to correct the ministerial error of negligently issuing the permits." After Walther was advised of the cost of relocating the homes, he "negligently failed to take any affirmative action to assist in moving Plaintiff's [sic] homes out of the flood plain." After further negotiations, Walther "individually, negligently failed to act as a normal and prudent person in his position would have acted and did nothing to correct the danger of flooding to Plaintiff's [sic] homes for which he had become responsible in his capacity as county department head."

After the October 1998 flood damaged their homes, appellants continued their efforts to convince Hays County to pay for moving their homes. They alleged that "neither Hays County nor the individual Defendants have taken any action to correct or rectify the damage created by the negligent issuance of the two permits . . . or the negligent lack of corrective action by Defendant Walther." He allegedly failed "to insure that the negotiations to move the homes were successfully completed before they were flooded."

The damage-to-land that appellants complain of in their petition is the negligent placement of their homes in a flood plain and the negligent failure to pay for relocating the homes to avoid the continued risk of flooding. After the October 1998 flood, appellants' homes were still located in the flood plain and they continued their efforts to force Hays County to pay to remove their homes. While floods are fortuitous events, the location of appellants' homes in the flood plain and the risk of flooding are constant, uninterrupted conditions.

A home and a septic tank may not be maintained in a flood plain. Appellants knew of the ongoing injury as early as July 1997. They sought the remedy of relocation costs. In addition to the actual damages inflicted by the 1998 flood, appellants suffered an earlier and ongoing risk of flooding that constituted damages of a permanent nature, damages that resulted from constructing their homes in the flood plain. The mistaken location of their homes, the cost to relocate them and the ongoing risk of flooding are permanent injuries. *Compare Fromme*, 269 S.W.2d at 339 (holding damages permanent because plant's wrongfully discharged harmful chemicals "continuously flowed" from compressor station onto land from 1948 through 1950), *and Tarrant County v. English*, 989 S.W.2d 368, 379 (Tex. App.—Fort Worth 1998, pet. denied) (holding soil contamination of land

11

from migration of spilled diesel fuel from adjacent land was permanent in nature despite damage being remediable), *with Bayouth*, 671 S.W.2d at 869 (holding fact issue existed whether contamination of land with salt crystals resulting from migration of salt water from oil drilling operations was temporary injury because evidence showed activity was sporadic and dependent on rainfall and migration patterns), *and Altas Chem. Indus., Inc.*, 524 S.W.2d at 685 (holding fact issue existed as to permanence because industrial effluent discharged into creeks only occasionally overflowed onto entire tract of land).

The injuries could not be cured by an injunction. Long before the 1998 flood, appellants suffered an injury that gave them a right to a legal remedy against the county and/or the Department, even though the full extent of their injuries only became known later, after the flood. We hold that the damages appellants suffered are permanent in nature and their petition establishes that they first learned of the injuries no later than July 1997. Connor and Walther proved their statute of limitations defense as a matter of law. We overrule appellants' second and third points.

Prior to filing their second amended petition, appellants non-suited Hays County, leaving only Walther and Conner as defendants. Therefore, summary judgment should not have been rendered in favor of Hays County.[3] We sustain appellants' first point and modify the judgment accordingly.

---

[3] We take no position on whether the summary judgment has any preclusive effect on any claims against Hays County.

## CONCLUSION

For the reasons set forth above, we modify the judgment of the district court to delete Hays County as a party and affirm the summary judgment as modified.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed:   October 2, 2003

13