**Harold and Margaret HAWKINS, Appellants,**

v.

**Angela Lynn (Hawkins) HALEY, Appellee.**

**No. 2–88–029–CV.**

Court of Appeals of Texas, Fort Worth.

March 2, 1989.

Bruce A. Martin, Wichita Falls, for appellants.

Smith & Douglass and Gene Douglass, Wichita Falls, for appellee.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

## OPINION

HILL, Justice.

Harold and Margaret Hawkins appeal from the trial court's order modifying their visitation rights with their grandchild, Chris. In a sole point of error, the Hawkins contend that the trial court abused its discretion in modifying the visitation rights because there was no evidence, or insufficient evidence, of a material and substantial change of circumstances, or that the terms of visitation had become unworkable or inappropriate; and that there was no evidence, or insufficient evidence, that modification of their visitation rights was in the best interest of the child.

We affirm, because we find that the trial court did not abuse its discretion since the evidence is sufficient to support the trial court's findings that there has been a material and substantial change in circumstances and that the change is in the best interest of the child.

Angela Hawkins, the appellee, was divorced from Robert Hawkins, the son of the appellants, in a decree signed by the court on October 18, 1985. The appellants were intervenors in that divorce action. In that decree, Angela was appointed Chris's managing conservator, with Robert and the appellants being appointed possessory conservators. The decree provided that the possessory conservators were to have possession of the child from 9:00 a.m. Saturday to 6:00 p.m. Sunday on the first and third weekends of each month; for two consecutive weeks each summer, from 9:00

a.m. to 6:00 p.m. on Father's Day; from 4:00 p.m. Christmas Day to 6:00 p.m. on December 31; and on Thanksgiving Day in even-numbered years from 9:00 a.m. to 6:00 p.m. The decree further provided that any exercise of visitation by Robert Hawkins be in the presence of and under the supervision of the appellants. The reason for the restrictions on Robert's visitation was due to a drug problem which he had. Robert was living with the appellants at the time of the divorce. The decree provided that this visitation arrangement was to remain in effect until Robert illustrated to the court that he had abandoned his dependency on drugs.

The evidence reflects that since the divorce Robert has moved from the appellants' home to Mississippi. Angela testified that Margaret used profane language in front of her son. She also reported isolated instances in which the appellants allowed Robert to visit with Chris outside of their presence.

The trial court did not modify the periods of visitation for Robert. The decree was modified to provide for specific visitation for the appellants from 10:00 a.m. Saturday to 6:00 p.m. Sunday on the second weekend of each month, from 4:00 p.m. to 7:00 p.m. each year on the child's birthday, and, on occasions when Robert does not exercise Christmas visitation, on Christmas Day from 2:00 p.m. to 7:00 p.m. Additionally, the appellants retained the right to exercise joint possession of the child with Robert during any period of time when he is present and exercises the visitation rights previously granted to him.

In a case such as this, the judgment of the trial court should be reversed only when it appears from the record as a whole that it has abused its discretion. *Hanna v. Turner*, 556 S.W.2d 866, 868 (Tex.Civ.App.—Corpus Christi 1977, no writ).

We believe that it is not unreasonable to conclude from the record that the appellants originally received visitation rights greatly exceeding those which would ordinarily be afforded to grandparents because of the fact that their son was living with them and the trial court wished to allow the child to have extensive access to his father, even though the father was suffering with an addiction to drugs. Now that the father no longer lives at the appellants' home, the trial court did not abuse its discretion in finding that his leaving constituted a material change of circumstances and that it is in the child's best interest to amend the visitation schedule to adjust for that change. We find the evidence to be sufficient to support the trial court's order. We overrule the appellants' sole point of error.

The judgment is affirmed.