Donnall J. ALLEN and Wife, Margarete Allen, et al., Appellants,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY and St. Paul Insurance Company, Appellees.

No. 06–97–00033–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 30, 1997.

Decided Jan. 6, 1998.

John Richard Frazier, Richard N. Currin, Wills Point, Joe F. Smith, Foreman Boudreaux Smith, Dallas, for Appellants.

Ryan G. Anderson, J. Michael Myers, Ball & Weed, P.C., San Antonio, for Appellees.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

This appeal arises from a summary judgment rendered in favor of St. Paul Fire & Marine Insurance Company and St. Paul Insurance Company ("St.Paul") in an insurance coverage dispute. Donnall J. Allen and Margarete Allen, et al ("the Allens") sued St. Paul based on the judgment in a suit by the Allens against Tawakoni Water Utility Corp., East Texas Water Systems, Ltd., and Lakeview Water Systems, Ltd. ("Tawakoni"). This underlying suit alleged damages arising out of Tawakoni's failure to provide "potable" water, "good quality" water, water "reasonably fit for family residential use," or water "approved and/or certified by the appropriate State of Texas and federal authorities." The Allens also alleged that the water received was of "unpalatable quality," "unfit for human consumption and/or use," and that the water was contaminated.

St. Paul, an insurer of Tawakoni, denied coverage and refused to provide a defense for Tawakoni. St. Paul based its denial of coverage on pollution exclusions allegedly included in the five policies upon which the Allens sued. Following a bench trial, a judgment of $17,326,174 was rendered in favor of the Allens. Tawakoni then assigned to the Allens its claim against St. Paul for wrongful refusal to defend in return for a covenant not to execute.

The Allens filed this suit against St. Paul for declaratory relief and wrongful refusal to defend, alleging breach of contract claims and violations of the Texas Insurance Code and the DTPA. The trial court granted summary judgment on all extracontractual claims on June 28, 1996. Summary judgment on the remaining contract claims was granted on December 23, 1996, based on the trial

court's finding that there was no genuine issue as to any material fact. The Allens appeal the December judgment.

The Allens contend that the trial court erred in granting summary judgment because St. Paul failed to conclusively establish that all the Allens' claims and damages against Tawakoni were excluded under the policies. The Allens also contend that an affidavit attached as summary judgment proof is insufficient to prove the exceptions contained in the missing insurance policies.

### Standard of Review[1]

■ Summary judgment is proper provided the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.[2] The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law.[3] Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant.[4] When a motion for summary judgment is directed solely to the pleadings, the court must take as true every allegation of the pleading against which the motion is directed.[5]

### Duty to Defend

In their first point of error, the Allens argue that entry of summary judgment on their refusal to defend claim was error because St. Paul failed to conclusively prove that all claims alleged were excluded under the policies. The policies involved are commercial general liability policies. Pollution exclusions of two of the five policies were presented as summary judgment proof and provide, in part, that:

This insurance does not apply to:

f. (1) "Bodily injury" and "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

. . . .

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. includes materials to be recycled, reconditioned or reclaimed.

The Allens contend that, while their claims based on contamination were properly excluded under the pollution exclusions, other claims were not. In addition to claims that the water was contaminated, the Allens contend that their petition included separate allegations that the water delivered by Tawakoni was "not potable," not of "good quality," "not reasonably fit for residential use," not "approved and/or certified by the appropriate State of Texas and federal authorities," and of "unpalatable quality." Findings of Fact and Conclusions of Law filed by the trial court in the underlying suit include findings that Tawakoni failed to supply clean, potable water suitable for human consumption.

The Allens argue that St. Paul and the trial court ignored the potability and noncertification allegations and focused entirely on the contamination allegation in determining that the pollution exclusions applied. Additionally, the Allens contend that because water could have all of these conditions without containing pollutants, these claims potentially

---

1. Tex.R. Civ. P. 166a was amended effective September 1, 1997; however, this case was decided under the old rules as the appeal was perfected prior to the effective date.

2. *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex.App.—Texarkana 1989, no writ).

3. *Gonzalez v. Mission Am. Ins.Co.*, 795 S.W.2d 734, 736 (Tex.1990).

4. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985).

5. *Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 93 (Tex.App.—Houston [1st Dist.] 1991, no writ).

fall within the policies' coverage and, therefore, St. Paul had a duty to defend.

### The "Eight Corners" Rule

■ Texas courts follow the "eight corners" rule when determining an insurer's duty to defend an insured. Under this rule, a court looks only to the pleadings and the insurance policy to determine whether the duty to defend exists.[6] Any doubt as to whether the complaint states a covered cause of action must be resolved in the insured's favor.[7]

■ If the petition does not allege facts within the coverage of the policy, the insurer is not legally required to defend a suit against its insured.[8] In reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged.[9] It is the facts that give rise to the actionable conduct.[10]

The issue, then, is whether the Allens' claims of nonpotability and poor water quality are merely restatements of their claim of contamination falling within the policies' exclusions of claims arising from "pollutants."

The Allens complain throughout their pleadings that the water supplied them by Tawakoni contained "chemicals and contaminants" and "debris," was "unfit for human consumption," and that the contaminants were "cancer-causing," "hazardous to health," and "toxic." However, the Allens' pleadings do not allege facts that these claims of nonpotability, poor quality, and unfitness for residential use are separate claims caused by something other than contamination. Water in its pure form, by its nature, is potable and odorless. It is only when contaminants are in the water that it becomes nonpotable, of poor quality, and unfit for residential use.

■ Artful pleading of facts cannot bring excluded claims back within coverage.[11] Courts must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged.[12] The Allens' pleadings do not allege facts separate from contamination. Because "contaminants" are included in the policies' absolute pollution exclusions, all of the Allens' claims were excluded under the policies. St. Paul therefore had no duty to defend Tawakoni.

### Duty to Indemnify

In their second point of error, the Allens contend that St. Paul had a duty to indemnify because St. Paul failed to conclusively prove that all damages awarded in the Tawakoni suit were excluded under the policies.

The judgment for $17, 326,174 was rendered on March 31, 1994, after a non-jury trial. The court filed Findings of Fact and Conclusions of Law. At some time prior to entry of the judgment, Tawakoni assigned to the Allens its wrongful refusal to defend claims against St. Paul in return for a covenant not to execute.[13]

■ An insurer's duty to defend and duty to indemnify are distinct and separate duties.[14] The duty to indemnify is justiciable before the insured's liability is determined

6. *Cluett v. Medical Protective Co.*, 829 S.W.2d 822, 829 (Tex.App.—Dallas 1992, writ denied); *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74–75 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

7. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex.1965); *Cluett*, 829 S.W.2d at 829.

8. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex.1997).

9. *Id.*

10. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

11. *National Union*, 939 S.W.2d at 141–42 ("Nor will we look outside the pleadings, or imagine factual scenarios which might trigger coverage.").

12. *Id.*

13. The record includes a letter dated March 29, 1994, from the Allens' attorneys to Tawakoni's attorneys which refers to the assignment of rights and covenant not to execute.

14. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 41 Tex. Sup.Ct. J. 103 (Nov. 13, 1997).

when the insurer has no duty to defend, and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.[15] St. Paul had no duty to defend Tawakoni because the facts alleged by the Allens fell within the policy exclusions. For the same reason, St. Paul also had no duty to indemnify.

St. Paul raised the issue that Tawakoni's assignment may have been invalid under *State Farm Fire & Casualty Co. v. Gandy.*[16] There is summary judgment evidence that the underlying judgment may not have been the result of a fully adversarial proceeding. There is also summary judgment evidence that evidence was presented in the underlying proceeding and that it was adversarial. This may raise a fact issue. However, even if the Tawakoni assignment were found to be valid, the result would be the same because we have determined that the Allens' claims are not covered under the policies. Because of our disposition of the case, we will not discuss St. Paul's *Gandy* argument.

The Allens' first and second points of error are overruled.

### Summary Judgment Proof

The applicability of pollution exclusions included in five St. Paul commercial general liability policies is at issue in the case. Three of those policies are missing. To prove the contents of the three missing policies, St. Paul presented as summary judgment proof the affidavit of James Runkel, Environmental Claims Manager for St. Paul. In their third point of error, the Allens challenge Runkel's affidavit as insufficient to prove the contents of the missing policies, including whether those policies contained pollution exclusions and, if so, the terms of those exclusions. Runkel's affidavit states, in part:

Based upon my employment and experience as Environmental Claim Manager

with St. Paul and my familiarity with liability policy forms and policies issued by St. Paul during the relevant time periods, [the three missing policies], if issued by St. Paul to Tawakoni, would have contained and would have been subject to the absolute pollution exclusion in a form identical or substantially similar to that set forth in [the two known policies] and as quoted in St. Paul's brief in support of motion for summary judgment filed herewith.

### Best Evidence Rule and Sufficiency of Summary Judgment Evidence

The Allens challenge Runkel's affidavit based on TEX.R. CIV. EVID. 1002, the best evidence rule, which requires that, to prove the content of a writing, the original writing must be used unless an exception applies. St. Paul argues that the Allens waived this objection because no written ruling was obtained in the trial court.

■ Issues not expressly presented to the trial court by written motion or response to the motion for summary judgment cannot be considered on appeal as grounds for reversal.[17] A party must object in writing to the form of summary judgment evidence and place the objections before the trial court or its objections will be waived.[18] Such party is required not only to object to the form of the summary judgment evidence but to secure a ruling by the trial court on his objections to preserve any error for appellate review.[19]

■ The record does not show that the Allen's objected to Runkel's affidavit based on the best evidence rule or that they secured a ruling on any objection based on that rule. Therefore, the Allens have waived their objection based on the best evidence rule.

■ The Allens also argue that Runkel's affidavit was insufficient because it does not show personal knowledge of the contents of the missing policies. Again, no ruling on the

---

15. *Id.*

16. 925 S.W.2d 696 (Tex.1996).

17. *Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 679.

18. *Grand Prairie Indep. School Dist. v. Vaughan,* 792 S.W.2d 944, 945 (Tex.1990).

19. *Roberts v. Friendswood Development Co.,* 886 S.W.2d 363, 365 (Tex.App.—Houston [1 st Dist.] 1994, writ denied).

**914**

Allens' objection to the form of Runkel's affidavit appears in the record. Additionally, affidavit testimony about the existence of a certain type of policy is proper summary judgment proof.[20] The Allens' third point of error is overruled.

The judgment of the trial court is affirmed.

---

**20.** *Harris v. Varo, Inc.*, 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ)(employer may prove the existence of a workers' compensation policy by affidavit).