UTICA LLOYD'S OF TEXAS,
Appellant,

v.

SITECH ENGINEERING CORPORATION and Ronald A. Saikowski, Appellees.

No. 06–00–00050–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 13, 2000.

Decided Feb. 2, 2001.

Alexander N. Beard, Michael Hummert, Bishop & Hummert, PC, Dallas, for appellant.

Eric L. Yollick, Yollick Law Firm, PLLC, The Woodlands, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

This is an insurance case involving a liability insurance company's refusal to defend its insured that had been sued in a wrongful death action. Utica Lloyd's of Texas issued a liability policy to Sitech Engineering Corporation. The survivors of Jarred Lindsley sued Sitech and its president, Ronald Saikowski, to recover damages resulting from Lindsley's death in a trench cave-in. Utica initially undertook to defend Sitech in the litigation, but ultimately refused to defend it, contending that the Lindsley claim was excluded from coverage in Utica's policy covering Sitech.

Utica filed suit for declaratory judgment declaring that it was not obligated to defend Sitech. Sitech counterclaimed, asking for a declaration that Utica was obligated to defend it in the Lindsleys' suit. Sitech also asserted causes of action against Utica for misrepresentations and violations of the Deceptive Trade Practices Act and the Insurance Code, contending that in its initial actions representing Sitech it had misrepresented facts and had misled Sitech to its detriment by its negligent and bad faith acts.

Both Utica and Sitech moved for summary judgment. The trial court granted Sitech's motion in part, holding, among other things, that Utica was obligated to defend Sitech from the date of the judgment forward, and was obligated to indemnify Sitech if any judgment was rendered against it in favor of the Lindsleys.

The Lindsleys, in their sixth amended original petition, alleged that Jarred Lindsley was killed as a result of a cave-in, and that Sitech was negligent in three respects: (1) it was responsible for "[d]aily inspections of excavations, the adjacent area and protective systems," and it "failed to make these required inspections on a daily basis, failed to be present during all excavations and failed to make inspections after every rainstorm or other hazardous condition and to be present at all excavations"; (2) Sitech was "negligent and grossly negligent in the design of the system for the excavation, negligent in drafting of the plans and negligent in failing to indicate in the slope of the spoil pile adjacent to the excavation"; and (3) Sitech misrepresented its qualifications to prepare the safety requirements, to design the excavation system, and that it would

properly inspect and monitor the excavation.

Sitech's policy with Utica contains the following exclusion of coverage provision:

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the rendering or failure to render any professional services by or for you, including:

1. The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

2. Supervisory, inspection or engineering services.

In their ninth amended original petition, the Lindsleys amended their negligence allegations to state that Sitech's negligent acts were done by its "engineers and nonengineering personnel." The essential factual allegations of what Sitech did and failed to do, however, were not changed in the ninth amended original petition.

Sitech contended below that the allegations by the Lindsleys refer, at least in part, to acts and omissions of nonengineering personnel, and that the Lindsleys' claim is therefore not excluded from coverage under the policy because the exclusion applies only to professional services. The trial court apparently accepted Sitech's view and, after finding the exclusion provision ambiguous, determined that it did not apply to the alleged acts and omissions of Sitech because they were not all professional or engineering services. We conclude that the trial court was in error in its conclusion.

■ Whether an insurer in a liability policy is obligated to defend the insured is a question of law to be decided by the court. *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied). In determining whether the insurer is obligated to defend the insured, we use the eight corners rule. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). The eight corners rule compares the provisions within the four corners of the policy with the factual allegations contained within the four corners of the plaintiff's pleadings to determine whether any claim alleged in the pleadings is within the coverage of the policy. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141.

■ Where the terms of the policy are ambiguous, or where the petition in the underlying suit does not contain factual allegations sufficient to enable the court to determine whether the claims are within the policy coverage, the court may consider extrinsic evidence to assist it in making the determination. *State Farm Lloyds v. Kessler*, 932 S.W.2d at 736; *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 450 (Tex.App.—Corpus Christi 1992, writ denied); *see John Deere Ins. Co. v. Truckin' U.S.A.*, 122 F.3d 270, 272 (5th Cir. 1997).

■ The trial court here found the exclusion provisions of the insurance policy ambiguous and considered extraneous summary judgment evidence to conclude that it did not exclude coverage for the Lindsleys' claims. The trial court erred in this regard. Provisions of an insurance policy are construed by the rules applicable to the construction of contracts. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994). A contract or insurance policy provision is ambiguous only where the terms are susceptible to differing reasonable interpretations. *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). The fact that the parties interpret the contract in different ways does not mean that the contract is ambiguous. The words in an insurance policy are given their ordinary meaning unless the policy clearly gives them a different meaning. *Security Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex.1979). Where the policy terms are unambiguous, the language of the policy alone expresses the

parties' intent, and it must be enforced as written. *Puckett v. U.S. Fire Ins.* Co., 678 S.W.2d 936, 938 (Tex.1984); *Yancey v. Floyd West & Co.,* 755 S.W.2d 914, 918 (Tex.App.—Fort Worth 1988, writ denied).

We find the policy exclusion here clear and unambiguous. It explicitly defines what constitutes professional services and includes specifically the various services Sitech is alleged to have done negligently. There can be no ambiguity as to what services are professional services when the services performed by the insured are, by explicit definition in the policy, included in the category of professional services. Sitech relies on *Aetna Fire Underwriters Ins. Co. v. Southwestern Eng'g Co.,* 626 S.W.2d 99 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), as holding that the term "engineering services" in a policy exclusion is ambiguous as a matter of law, but that case is distinguishable. First, *Aetna Fire Underwriters* does not hold that the term "engineering services" in a policy exclusion is always ambiguous. *See State Farm Lloyds v. Performance Improvement Corp.,* 974 S.W.2d 135 (Tex. App.—San Antonio 1998, pet. denied). Second, in the *Aetna Fire Underwriters* case the act performed by the insured, which was digging a trench, was not defined as an engineering service in the policy that excluded "engineering services." As we have noted elsewhere in this opinion, the services performed by Sitech are explicitly defined in the policy exclusion as professional services, which are in turn excluded from coverage.

Sitech contends, and apparently the trial court agreed, that when the Lindsleys amended their petition to add allegations that the services provided by Sitech were provided by "engineering and non-engineering personnel" the services were characterized as nonprofessional, at least in part, and were not included within the policy exclusion. We disagree. The allegations that some of the services were performed by nonengineering personnel are legal conclusions. We must look at the *facts* alleged in the Lindsleys' petition rather than the legal theories alleged. *Allen v. St. Paul Fire & Marine Ins. Co.,* 960 S.W.2d 909 (Tex.App.—Texarkana 1998, no pet.). Artful pleadings of facts cannot bring excluded claims back within the policy's coverage. *Allen v. St. Paul Fire & Marine Ins. Co.,* 960 S.W.2d at 912; *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d at 141–42. Despite the amended allegations, the Lindsleys' ninth amended original petition alleged *as facts* that Sitech performed negligently, or failed in its duty to perform, services that are explicitly defined in the policy exclusion as professional services, i.e., improperly inspecting or failing to inspect the excavation and adjacent area, negligently designing the system and drawing up the plans, and misrepresenting its qualifications to perform those services.

We find that the services Sitech was alleged to have negligently performed were professional services within the definition of that term in the policy, and thus the claim of the Lindsleys was excluded from coverage under Utica's policy. Because there was no coverage, the court's judgment that Utica was required to indemnify Sitech for any judgment recovered by the Lindsleys is also erroneous. If there is no duty to defend, there can be no duty to indemnify. *See Farmers Texas County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81 (Tex.1997).

We also find that the trial court erred in rendering summary judgment against Sitech on its extracontractual claims. We find there is some summary judgment evidence supporting some of these claims, and that the summary judgment evidence does not negate them as a matter of law. The summary judgment evidence raises fact issues as to these claims. Therefore, we will sever these claims and remand them to the trial court for further proceedings.

For the reasons stated, we reverse the summary judgment granted to Sitech and

Saikowski and here render judgment for Utica on its motion for summary judgment on the duty to defend and the indemnity issues. Utica's claim for attorney's fees is severed and remanded to the trial court for determination. The extracontractual claims by Sitech and Saikowski against Utica are severed and remanded to the trial court for further proceedings.