

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00153-CV

**GEOTEL ENGINEERING, INC.,**

**Appellant**

 **v.**

**PATRICK P. HYDE AND LISA SMITH,**

**Appellees**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. C200800283

## MEMORANDUM  OPINION

In this interlocutory appeal, Geotel Engineering, Inc. complains that the trial court erred in denying its motion to dismiss the claims filed by Patrick P. Hyde and Lisa Smith against Geotel because of their failure to file a certificate of merit as required by section 150.002 of the Civil Practice and Remedies Code.  We agree and will reverse and remand.

Hyde and Smith (collectively "Hyde") contracted with Raintree Homes, Inc. to construct a residence on their property.  Raintree engaged Geotel to provide

geotechnical engineering services for the project. After moving into the home, Hyde filed suit against Raintree and Geotel, alleging a number of "significant structural problems." Hyde asserted claims against Geotel for breach of contract and breach of implied warranties of construction and merchantability. Factually, Hyde alleged that Geotel failed to: (1) "properly monitor, or monitor at all," the "footing excavation, proofrolling, site and subgrade preparation, subgrade stab[i]lization and pavement construction"; (2) "perform any density tests"; or (3) provide any reports other than its initial report.

Geotel filed a motion to dismiss the claims against it, asserting that dismissal was required because Hyde failed to file a certificate of merit as required by section 150.002. The trial court denied the motion. Geotel asserts in its sole issue that the trial court erred in denying the motion to dismiss.

The 2005 version of section 150.002 applies to Hyde's suit. Subsection (a) of the statute provided:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a design professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer or licensed architect shall be licensed in this state and actively engaged in the practice of architecture or engineering.

Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (b) (Vernon

Supp. 2010)).  Subsection (d) required dismissal if the plaintiff failed to file a certificate of merit.  *Id.* (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (Vernon Supp. 2010)).

The 2005 statute defined a "design professional" as "a licensed architect, licensed professional engineer, or any firm in which such licensed professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity."  *Id.* (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1) (Vernon Supp. 2010)).

Hyde did not file a certificate of merit.  He contends, however, that none was required because: (1) the claims against Geotel include not only the corporation but also its non-professional employees; (2) he has not asserted that Geotel committed any negligent act, error, or omission; (3) no allegation of a negligent act, error, or omission is required to prove breach of contract or warranty; and (4) his claims against Geotel are not "recast claims for professional negligence."

Geotel's report recommended that the foundation work be monitored by "a qualified engineering technician."  Hyde notes that an engineering *technician* is not a "design engineer" as defined by section 150.001.  However, Hyde's claims are against Geotel, not its employees, and the term "design engineer" includes any firm in which a licensed professional engineer practices.  *Id.*; *see also Utica Lloyd's of Tex. v. Sitech Eng'g Corp.*, 38 S.W.3d 260, 264 (Tex. App.—Texarkana 2001, no pet.) (services performed by

"engineering and non-engineering personnel" were excluded professional services in insurance coverage dispute).

We recently held that we will disregard the label a plaintiff attaches to a particular claim and determine whether the underlying complaint alleges an injury caused by a breach of the duty owed to the plaintiff as a result of the defendant's engagement as a professional to determine whether a certificate of merit is required. *See Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 417 (Tex. App.—Waco 2010, pet. denied).

Regarding Geotel, the first amended petition alleges that the structural problems were caused by Geotel's failure to properly monitor the foundation work, perform any density tests, and furnish additional reports. Regardless of how these claims are labeled, they are claims of professional negligence that require a certificate of merit, which Hyde failed to file. *Id.* Accordingly, we sustain Geotel's sole issue.

We reverse the trial court's order denying Geotel's motion to dismiss and remand the case for further proceedings.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and remanded
Opinion delivered and filed December 29, 2010
[CV06]